STATE OF LOUISIANA,
v.
DANIEL RAY FAYE, JR.
No. 2009 KA 0013.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication.
JOSEPH L. WAITZ, JR., District Attorney, JUAN W. PICKETT, Asst. District Attorney, ELLEN DAIGLE DOSKEY, Asst. District Attorney, Counsel for Appellee State of Louisiana.
BERTHA M. HILLMAN, Counsel for Appellant. Daniel Ray Faye, Jr.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
The defendant, Daniel Ray Faye, Jr., was charged by bill of information #476,247 (instant case) with one count of armed robbery, a violation of La. R.S. 14:64.[1] He was charged by amended bill of information #476,719 (companion case) with one count of attempted first degree robbery (count I), a violation of La. R.S. 14:27 and La. R.S. 14:64.1; two counts of armed robbery (counts II and III), violations of La. R.S. 14:64; two counts of attempted armed robbery (counts IV and V), violations of La. R.S. 14:27 and La. R.S. 14:64; and one count of purse snatching (count VI), a violation of La. R.S. 14:65.1.[2]
In the instant case, he initially pled not guilty. He moved to suppress his confessions in the companion case. Following a hearing in the companion case, the motion to suppress was denied. In the instant case, he moved to suppress his confession and stipulated that the evidence presented on the motion to suppress would be the same as that presented in the companion case. The court denied the motion to suppress. Thereafter, he withdrew his former plea and pled guilty as charged, reserving the right to seek review of the court's ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). Pursuant to a plea agreement, he was sentenced to forty-five years at hard labor without benefit of parole, probation, or suspension of sentence to run concurrently with the sentence imposed in the companion case. He now appeals, contending that the trial court erred in denying the motion to suppress. We affirm the conviction and sentence.

FACTS
In a March 19, 2006 audiotaped statement, the defendant indicated that he and Thomas Cenac had been riding around in Cenac's vehicle, "getting high and stuff." When they needed more money for drugs, the defendant told Cenac that he had an idea how to get some money. The defendant told Cenac to drop him off and wait on Mulberry behind Red Carpet Inn in Houma. The defendant walked to the front of the business, went inside, and asked the clerk if she had a room. The clerk stated no rooms were available, and the defendant retrieved a knife from the pocket of his sweatshirt and told the clerk to give him the money. The clerk gave the defendant the money, and he ran back to Cenac's vehicle behind the business and fled.

MOTION TO SUPPRESS
In his sole assignment of error, the defendant contends the trial court erred in failing to suppress his confession because the confession was coerced by the police arresting his mother and threatening to hold her in jail.
It is well settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451. Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda[3] rights. State v. Plain, 99-1112, p. 5 (La. App. 1 Cir. 2/18/00), 752 So.2d 337, 342.
The admissibility of a confession is, in the first instance, a question for the trial court; its conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession are accorded great weight and will not be overturned unless they are not supported by the evidence. Whether or not a showing of voluntariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. The trial court must consider the totality of the circumstances in deciding whether or not a confession is admissible. Plain, 99-1112 at p. 6, 752 So.2d at 342.
The defendant moved to suppress his confession in the instant case on the basis that it was not made freely and voluntarily, but was made under the influence of fear, duress, intimidation, and threats. The motion to suppress was denied.
Terrebonne Parish Sheriffs Office Detective Lieutenant Terry Daigle testified at the hearing on the motion to suppress in the companion case.[4] He indicated on March 17, 2006, the Jefferson County Sheriffs Office in Birmingham, Alabama arrested the defendant pursuant to an arrest warrant he had obtained. Detective Daigle went to the Jefferson County Jail, advised the defendant of his Miranda rights, and interviewed the defendant. The defendant signed a waiver of rights providing:
WAIVER OF RIGHTS
I have read or had read to me, this statement of my rights. I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.
According to Detective Daigle, neither he, nor Detective Dawn Bergeron (who was also present), nor anyone else used pressure or coercion to make the defendant give a statement.
Detective Daigle indicated that the defendant's mother had been arrested on the Friday before the Sunday he travelled to Alabama to interview the defendant. The defendant's mother was arrested on an outstanding warrant for a narcotics violation, and the warrant was "not a new warrant." Detective Daigle also indicated he had a conversation with the defendant about his mother being arrested. He denied, however, telling the defendant that his mother would stay in jail until he confessed. He also denied making any promises or threats about the defendant "confessing for his mother."
The defendant also testified at the hearing on the motion to suppress. He claimed that prior to his signing the advice of rights/waiver form, Detective Daigle told him that his mother was in jail, and "if you want your mama to get out, you gotta' confess." The defendant claimed he only signed the advice of rights/waiver form so that his mother would be released. He claimed his recorded statement was nothing more that his repeating facts told to him by Detective Daigle.
Dawn H. Faye, the defendant's mother, also testified at the hearing on the motion to suppress. She indicated that on March 17, 2006, she was arrested on the outstanding warrant for two counts of possession of controlled dangerous substances. She indicated that over two years earlier, she had worked for two Narcotics Agents for a few months and had an "agreement" she would not be arrested because she had worked for them. She claimed that after the defendant confessed, her bond was lowered so that she could afford to bond out. She also claimed that an agent told her that even if she had not bonded out, she would have been released. She also indicated that on March 17, 2006, when the police searched her house, they were looking for the defendant and items involved in the robberies.
On rebuttal, Detective Daigle indicated the defendant told him that he went to Alabama from New Orleans after his brother called him and told him the police were looking for him. Detective Daigle also indicated that the defendant told him that after he arrived in Alabama, his uncle came over and told him he "was on the news."
In his recorded statement,[5] the defendant agrees: that he is familiar with the advice of rights form; that Detectives Daigle and Bergeron have reviewed the form with him; that he has placed his initials next to each of the rights listed on the form, indicating that Detectives Daigle and Bergeron had read the rights to him; that he had signed underneath the rights indicating that he understood the rights; and that he had also signed the waiver of rights portion of the form, indicating that he agreed to waive his rights. The defendant also indicates: that when Detectives Daigle and Bergeron arrived to interview him, he did not hesitate, and immediately started talking to them, and that he told them about every incident they talked about.
There was no abuse of discretion in the trial court's denial of the motion to suppress. The court's ruling on the motion to suppress indicates the court found Detective Daigle's testimony credible. The court's conclusions on the credibility and weight of the testimony relating to the voluntary nature of the defendant's statement were supported by the evidence presented by the State.
This assignment of error is without merit.

DECREE
For the foregoing reasons, we affirm the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Thomas Ray Cenac was also charged with the same charge by the same bill of information. (R. 3(A)). The State not-prossed the charge against Cenac.
[2] The defendant separately appeals from his armed robbery conviction under count II of bill of information #476,719. See State v. Faye, 09-0051 (La. App. 1 Cir. __/__/09). (unpublished), ___ So.2d ___ (table).
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[4] The transcript of the hearing on the motion to suppress was introduced into evidence in this case.
[5] The audiotape of the defendant's confession to the instant offense was introduced into evidence at trial in the companion case. We review the recording in order to provide the defendant appellate review of the trial court's adverse ruling on the motion to suppress, reserved as part of his Crosby uuiltv plea. See State v. Mack, 06-1722 (La. 4/27/07). 954 So.2d 767 (per curiam).